**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KEVIN POWELL,**

                **Petitioner,**

                **v.**                **No. 1:07-CV-1199**
                                          **No. 1:06-CR-16-3**
**UNITED STATES OF AMERICA,**    **(GLS)**

                **Respondent.**
_____

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PETITIONER:**

Kevin Powell
*PRO SE*
13637-052
Milan Federal Correctional Institute
PO Box 1000
Milan, MI 48160

**FOR THE RESPONDENT:**

HON. GLENN T. SUDDABY      SARA M. LORD
United States Attorney           GRANT C. JAQUITH
445 Broadway                     Assistant U.S. Attorney
218 James T. Foley U.S. Courthouse
Albany, New York 12207-2924

**Gary L. Sharpe**
**U.S. District Judge**

## Decision and Order

## I. Background

On August 8, 2006, pursuant to a plea agreement, Petitioner Kevin Powell ("Powell") pled guilty to the felony offense of conspiring to possess with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 846. On January 9, 2007, Powell was sentenced to 60 months incarceration, 4 years supervised release and a special assessment fee of $100 dollars.

Powell now moves to vacate his sentence under 28 U.S.C. § 2255, on the basis that he was denied effective assistance of counsel in violation of the Sixth Amendment. He contends that his attorney failed to object to the court's consideration of his 1995 Florida robbery conviction in determining his criminal history category. Powell alleges that the robbery was a juvenile adjudication, the improper consideration of which divested him of recourse to the sentence reduction provision of USSG § 5C1.2. Powell further alleges that his attorney failed to honor his request that a notice of appeal be filed.

The government responds that a direct appeal, not a motion under § 2255, is the proper means for challenging a district court's application of the sentencing guidelines. The government also disputes that Powell

requested his attorney file a notice of appeal, and seeks leave to augment the record with the sworn affidavit of Powell's trial counsel in order to show that Powell has procedurally defaulted.

## II. **Discussion**

To the extent the government seeks to augment the record with the affidavit of Powell's trial counsel, such request is granted. Perceiving a potential issue regarding Powell's attorney-client privilege, the court would additionally like to provide some guidance. "The attorney-client privilege cannot be used as both a shield and a sword, and he who holds the privilege may implicitly waive it if he asserts claims that cannot be fairly evaluated absent examination of protected communications." *Overbaugh v. United States*, 483 F. Supp. 2d 223, 225 (N.D.N.Y. 2007) (citations omitted). "When a habeas petitioner asserts that his trial counsel was ineffective and bases that assertion on claims involving privileged communications, the privilege is waived regarding those conversations." *Id*. As such, to the extent communications with his attorney give rise to Powell's petition, such communications are not protected. Let this serve as warning to Powell that "he cannot pursue his habeas claims, refuse to waive his attorney-client privilege as it is impacted by those claims, and

3

foreclose disclosure of his prior communications." *Id.*

Accordingly, and based on the foregoing, it is hereby

**ORDERED** that the government's request to augment the record with an affidavit of Powell's trial counsel is granted; and it is further

**ORDERED** that the affidavit is to be filed on or before April 25, 2008; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED**.

Dated: March 26, 2008
       Albany, New York

Gary L. Sharpe
U.S. District Judge