**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KEVIN POWELL,**

                                **Petitioner,**                    **No. 1:07-CV-1199**
                                                                   **No. 1:06-CR-16-3**
                                                                   **(GLS)**

                **v.**

**UNITED STATES OF AMERICA,**

                                **Respondent.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**FOR THE PETITIONER:**
KEVIN POWELL
_Pro Se_
13637-052
Milan Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

**FOR THE RESPONDENT:**
HON. GLENN T. SUDDABY              SARA M. LORD, ESQ.
United States Attorney             GRANT C. JAQUITH, ESQ.
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, NY 12207

**Gary L. Sharpe**
**U.S. District Judge**

<u>**DECISION AND ORDER**</u>

## I. **Background**

On January 9, 2007, the court sentenced petitioner Kevin Powell ("Powell") to a term of sixty months imprisonment, four years supervised release, and a special assessment of $100, based upon his plea of guilty to the felony offense of conspiring to possess with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Dkt. No. 73.)  Because the court found Powell's total offense level to be 23 and his criminal history category to be II, his term of imprisonment was the mandatory minimum allowed by 21 U.S.C. § 841(b)(1)(B).  Powell has now filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.  (Dkt. Nos. 96, 100.)  The United States has submitted a brief in opposition to the petition, to which Powell has replied. (Dkt. Nos. 116, 125.)

Powell asserts that § 2255 relief is appropriate here because ineffective assistance of trial counsel violated his Sixth Amendment rights. Specifically, it is contended that trial counsel was ineffective because: 1) he failed to object to the court's consideration of a 1995 Florida "youthful offender" adjudication in determining Powell's appropriate criminal history category or seek the "safety valve" reduction afforded by U.S.S.G. § 5C1.2;

2

and 2) he failed to file an appeal on this issue as requested.

## II. <u>Discussion</u>

Ineffective assistance of counsel claims are cognizable on a § 2255 petition even if not raised on direct appeal.  *See Massaro v. United States*, 538 U.S. 500, 509 (2003).  A petitioner claiming that counsel was constitutionally ineffective must show both that counsel's representation "fell below an objective standard of reasonableness" and that counsel's deficient performance prejudiced the petitioner.  *See Garcia v. United States,* 278 F.3d 134, 137 (2d Cir. 2002) (citing *Roe v. Flores-Ortega,* 528 U.S. 470, 476-77 (2000)).  Under the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

Powell's contention that his attorney was ineffective for failing to object to the court's consideration of his 1995 Florida armed robbery "youthful offender" adjudication in determining his criminal history category

is without merit.[1]  As Powell points out, sentences imposed before a
defendant's eighteenth birthday are to be counted towards his criminal
history only if they resulted from an adult conviction and a sentence
exceeding one year and one month.  *See* U.S. SENTENCING GUIDELINES
MANUAL §§ 4A1.1 cmt. n.1 and 4.A1.2(d).   However, the fact that Powell
was sentenced as a "youthful offender" in Florida when he was seventeen
(*See* Dkt. No. 125.) does not resolve the issue of whether he was convicted
as an adult.  Rather, courts must look past the semantic labels attached to
a petitioner's youthful adjudication "to examine the substance of the prior
conviction at issue; to 'focus on the nature of the proceedings, the
sentence received, and the actual time served.'" *See United States v.
Driskell*, 277 F.3d 150, 157 (2d Cir. 2002) (quoting *United States v. Pinion*,
4 F.3d 941, 944 (11th Cir. 1993)).

In October of 1995, Powell pled guilty to armed robbery in the
criminal division of the circuit court of the seventeenth judicial circuit in
Broward County, Florida; an adult court.  (*See* Dkt. No. 125.)  He was

---

[1]To the extent Powell contends that habeas relief is appropriate because of the court's
alleged error in this regard, such claim is also without merit.  Assertions of error in the
application of Sentencing Guidelines are generally not cognizable on § 2255 review where the
petitioner has failed to raise such issue on direct appeal.  *See Graziano v. United* States, 83
F.3d 587, 589-90 (2d Cir. 1996).  As the court finds, *infra*, that Powell failed to request an
appeal, this argument has been waived.

4

sentenced to four years imprisonment and two years of probation; what can be considered an adult sentence. *Id.* Of this he served just over three years imprisonment and approximately two months probation. Accordingly, his 1995 Florida sentence, though termed a "youthful adjudication", clearly resulted from an adult conviction. Thus, Powell's trial counsel was not ineffective for failing to object to its consideration by the court in determining Powell's criminal history category. Further, the properly considered Florida adjudication resulted in three criminal history points for a criminal history category of II. *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.1(a). With three criminal history points Powell was ineligible for the "safety valve" reduction provided by U.S.S.G. § 5C1.2; rendering trial counsel's failure to seek such a reduction entirely reasonable. As such, Powell's first asserted ground for habeas relief must be rejected.

Powell next claims that his attorney was ineffective for allegedly failing to file a notice of appeal as requested. As a matter of law, it is unreasonable for a lawyer to disregard his client's specific instructions to file an appeal. *Garcia,* 278 F.3d at 137. Moreover, prejudice will be presumed in such circumstances, regardless of the merits of the potential appeal. *Id.* This remains true even where, as here, the petitioner's plea

5

agreement contains a waiver of appellate rights.  *See Campusano v. United States,* 442 F.3d 770, 772 (2d Cir. 2006).  However, "at the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently."  *Roe*, 528 U.S. at 477 (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).

Here, Powell has filed what is purported to be an affidavit, generally asserting only that he requested his lawyer file an appeal.  (See Dkt. No. 125.)  With the court's leave, the United States has supplemented the record with an affirmation from Powell's trial counsel, Lee Greenstein, which states:

> When Powell was sentenced to be imprisoned for 5 years, we discussed at the table in court, and then upstairs in [the] detention area ..., that Powell had a right to appeal, but that because he received the statutory minimum term, there were no meritorious issues to raise, so I likely would end up submitting an <u>Anders</u> brief.  It was apparent during our conversations that Powell understood my explanation about his appeal rights and that an appeal would be a fruitless endeavor. As a result he expressly declined to exercise his right to appeal, so I did not file a Notice of Appeal.

(See Aff. ¶ 4; Dkt. No. 128.)  The disparity in specificity between these two affidavits leads the court to conclude that a hearing on this issue is not

6

necessary.  *See United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1982)

(stating that "[a]iry generalities" and "conclusory assertions" are insufficient

to warrant an evidentiary hearing).  *See also Pham v. United States*, 317

F.3d 178, 184 (2d Cir. 2003) ("Our precedent disapproves of summary

dismissal of petitions where factual issues exist, but it permits a 'middle

road' of deciding disputed facts on the basis of written submissions." (citing

*United States v. Chang*, 250 F.3d 79, 86 (2d Cir. 2001)).  Beyond the

factually barren nature of Powell's affidavit, it seems virtually certain that he

would not have requested an appeal given that he pled guilty before this

court in order to receive a statutory minimum sentence, and

correspondingly waived his appellate rights.  *See Roe*, 528 U.S. at 480.

*See also Davila-Bajana v. United States*, No. 01 CV 7329, 2002 WL

2022646, at *4 (E.D.N.Y. June 26, 2002) (dismissing failure to appeal claim

without evidentiary hearing based on strength of attorney affidavit and

unlikelihood that defendant would wish to appeal).  The court thus finds

that Powell did not instruct Mr. Greenstein to file an appeal, and his claim

to the contrary is rejected as without merit.  Accordingly, because Powell

has not made a "substantial showing of the denial of a constitutional right"

pursuant to 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate

of appealability.

### III.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

    **ORDERED** that Powell's motion to vacate his sentence pursuant to

28 U.S.C. § 2255 (Dkt. No. 96.) is DISMISSED; and it is further

    **ORDERED** that Powell's requests for an evidentiary hearing and the

appointment of counsel are DENIED; and it is further

    **ORDERED** that a certificate of appealability shall not be issued; and

it is further

    **ORDERED** that the Clerk provide copies of this Decision and Order

to the parties.

**IT IS SO ORDERED.**

Dated: September 24, 2008
Albany, New York

Gary L. Sharpe
U.S. District Judge

8